FRANCISCA E. SEPÚLVEDA DE ORTIZ, Appellant, *v.* REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 1156.   Submitted November 6, 1944.   Decided January 18, 1945.

*José Sabater* for appellant.   The registrar appeared by brief.

Mr. Justice De Jesús delivered the opinion of the court.

By a deed of June 12, 1944, executed before Notary Rafael Augusto Saliva, Francisca E. Sepúlveda and her children consolidated three lots belonging to them, in Mayagüez, into one urban property with an area of 1443.08 square meters on which thirteen houses stand. In the deed it was stated that an undivided one-half of the property thus consolidated belonged to the mother and the other one-half to her four children. In the same deed the property was divided into eight lots. There is a house on each of the first seven lots and six houses on the last one, which has an area of 552.17 square meters. Upon presentation of said deed for record in the Registry of Property of Mayagüez, the registrar recorded it as to the consolidation of the property but denied the recording thereof as to the segregation of the lot marked "A", the only one which was sought to be recorded, on the ground of a failure to comply with the provisions of § 24 of the Puerto Rico Planning, Urbanizing, and Zoning Act and the regulations promulgated on September 5, 1944, by the Attorney General of Puerto Rico, regarding the recording of subdivision and urbanization plats, and a cautionary notice was entered accordingly.

In the administrative appeal taken from this ruling, Francisca E. Sepúlveda alleges, among other grounds for reversal, that since the deed in question was executed on June 12, 1944, § 24 of said Act and the regulations thereunder issued by the Attorney General are not applicable.

Section 24 of the said Act provides that *"from and after the effective date of applicable subdivision regulations* provided for under Section 10 hereof, no subdivision of land within Puerto Rico shall be made, and no plat of a subdivision of land in urban areas or for urbanization shall be received for recording, no buildings shall be erected, no land sold or leased, and no permit issued, except, and to the extent that the same shall comply with said regulations and shall

have been finally approved according thereto by the Board.'' (Italics ours.)

And § 20 of the same Act provides that ''all regulations, and amendments thereto, adopted by the Board *shall take effect thirty (30) days after the promulgation thereof* by the Governor of Puerto Rico in one or more newspapers of general circulations.'' (Italics ours.)

It appears from the Subdivision Regulations that the same was promulgated by the Governor of Puerto Rico on June 29, 1944, and published in ''La Democracia'' on August 4, of that same year. Therefore, said regulations did not become effective until September 4, 1944. It appearing from the deed that the subdivision was made on June 12, 1944, and that at that time there already existed the thirteen houses on the eight lots, it is evident that the Subdivision Regulations are not applicable to the present case. The regulations promulgated by the Attorney General, which the registrar invokes, are not applicable, either, since pursuant to § 9 of those regulations the same did not become effective until they were ''issued'' by the Attorney General on September 5, 1944, at which time the subdivision and buildings mentioned in the deed already existed.

The ruling appealed from must be reversed and the segregation as to the lot denominated ''A'' which was the only one presented for registration should be recorded.